## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES REED COLES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-00219-GZS |
| | ) | |
| SUDIE REID-COLES, aka TERAH SPRAGUE CHADBROWN | ) ) | |
| | ) | |
|     Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO REMAND**

Before the Court is a motion filed by James Reed Coles seeking a remand of a divorce case removed to this court from the Maine state courts by his former wife, Sudie Reid-Coles, now known as Terah Sprague Chadbrown.[1] I now recommend that the motion for remand be granted because Chadbrown's removal of the divorce proceeding was improper as this Court does not have subject matter jurisdiction over the final divorce decree as a consequence of the Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) doctrine. The divorce was granted in the West Bath District Court on June 30, 2010, appealed to Maine Law Court on July 15, 2010, and the judgment was affirmed on March 23, 2011. The state court docket entries filed with this court on June 9, 2011, do not indicate that any post-judgment proceedings are currently pending in the state court. (Doc. No. 6.) Chadbrown also filed a paper copy of what purports to be the entire state record (Doc. No. 11), but those papers do not suggest any post-judgment motions are actually pending at the current time. It is not clear what the removal of a closed case could possibly have been

---

[1]     I refer to the defendant per her post-divorce name of Chadbrown.

designed to accomplish, except to obtain appellate review by a federal district court of a final state court judgment.

**DISCUSSION**

Removal is appropriate only when the case might have originally been brought in federal court. See 28 U.S.C. § 1441(a),(b). Traditionally, the most common reasons for removal are diversity of citizenship and federal question jurisdiction. Id. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).[2] The court has an obligation to determine the existence of subject matter jurisdiction whenever it should appear to be missing. In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir.1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

In her notice of removal Chadbrown represents that the basis of her removal is federal question jurisdiction: "Removal by defendant, pursuant to Title 28, U.S.C., Section 1441(b) is supported by the fact that my American civil rights have been excoriated by the Maine district (West Bath) and law courts." (Notice of Removal at 1, Doc. No. 1.) She identifies at least three constitutional rights that she believes have been violated in these state proceedings. (Id. at 1-2.) In her "Total Objection" to the motion to remand Chadbrown continues to insist that the ground for removal is based on federal question jurisdiction asserting that there has been collusion

---

[2] Section 1477(c) also provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Coles did not file this motion to remand within the thirty-day period. However, as explained below, I have determined that the remand is necessary because of a lack of subject matter jurisdiction.

between Coles and the state court judges to violate her constitutional rights in the divorce proceeding. (Reply at 1-3, Doc. No. 31.)

In his reply Coles points out: "To the extent that Defendant has claims against Plaintiff for his alleged actions in the state divorce, those claims are pending in this court (Terah Sprague Chadbrown v. James R. Coles, Docket No. 2:11-cv-1[45](GZS)." (Reply Mem. at 1.)[3] The court has addressed the dispositive motion pending in that action and I agree with Coles that with regards to any potential federal claims involved in this action Chadbrown has included those claims against Coles in that suit.[4]

I also note that this court has already addressed and rejected Chadbrown's request that this removed action be consolidated with her 2:11-cv-145 case. (Doc. Nos. 30, 44.) There has been plenty of previous docket activity on the propriety of removal as well, (see Doc. Nos. 4, 5, 7 9, 10), including an interlocutory appeal to the First Circuit (Doc. Nos.12 &19). There is little doubt that Chadbrown was on notice that her attempt to remove this action was highly problematic.

I am recommending a remand of this case to the state court because the removal by Chadbrown based on federal question jurisdiction of this divorce proceeding was improper. The Maine Supreme Court has already denied Chadbrown's appeal of the divorce judgment. Chadbrown's recourse for appealing the Maine Law Court's determination would have been a

---

[3]   Coles argues that the Court could also remand based on the domestic relations exception to federal jurisdiction in a diversity case. Chadbrown insists her removal is based on federal question jurisdiction and it is unnecessary to wade into the thicket of this abstention doctrine, see Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Armstrong v. Armstrong, 508 F.2d 348 (1st Cir.1974), given the current posture of the two cases pending in this court. I note that in the 2:11-cv-145-GZS case, Chadbrown has made duplicate and copious filings and those filings demonstrate that the action against Coles rises or falls on its own merits, not in the context of this removed divorce case.

[4]   Chadbrown's attempt to consolidate the two cases seems to have been spurred in part by a disinclination to pay a second filing fee.

request for certiorari review by the United States Supreme Court. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292 (2005). This court has no appellate jurisdiction over this judgment. The Rooker/Feldman doctrine controls this disposition.

> The Seventh Circuit has explicated this thorny doctrine, noting that it,
>
>> provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions. See Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir.1996) (citations omitted). Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari. See id. Courts and commentators have expended considerable ink in an attempt to define the parameters of this doctrine, and our court is no exception. Despite all of the doctrinal twists and turns, the point is rather simple: to avoid federal review of state court decisions. See, e.g., Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir.2001) (citations omitted). Thus, our overarching concern is "whether the federal plaintiff seeks to set aside a state court judgment or whether [she] is ... presenting an independent claim." Long v. Shorebank Dev. Corp., 182 F.3d 548, 555 (7th Cir.1999) (internal quotation omitted).

Edwards v. Illinois Bd. of Admissions to Bar, 261 F.3d 723, 728 (7th Cir. 2001). Cimini v. Massachusetts, C.A. No. 11–10211–GAO, 2011 WL 2119192 (D.Mass. May 25, 2011) also provides a savvy explanation of the Rooker/Feldman (and Younger v. Harris, 401 U.S. 37, 46 (1971)) bar to bringing actions of this sort of domestic relations matter from the state courts into the federal forum.[5] Additionally, the Cimini case cited to a series of decisions by another District of Massachusetts judge that thoughtfully explicated the inherent difficulties of applying these doctrines in the context of ongoing domestic relations cases in the state courts:

> [G]iven the equitable dimension to domestic relations disputes, it is possible that each underlying judgment will erupt into further related but arguably separate post-judgment proceedings. As a consequence, the cases do not necessarily lend themselves to tidy resolution through application of the Rooker–Feldman doctrine as interpreted by the Supreme Court in Exxon Mobil Corp. v. Saudi Basic

---

5     As Chadbrown herself recognized in her companion civil rights action against James Coles, suing an individual for money damages for violating one's civil rights is entirely different than bringing an action seeking to overturn a state judgment.

4

> Industries, Corp., 594 U.S. 280, 284 (2005). In each of the cases, however, traditional immunity bars and jurisdictional limitations provide alternative grounds for dismissal. More fundamentally, I find that the broader concept of abstention charts the proper course for a lower federal court to steer when faced with disputes such as these. The plaintiffs must pursue their cases fully in the state courts—with the prospect of entering the federal judicial system by petitioning for certiorari to the Supreme Court of the United States regarding any federal issues once the state proceedings have been concluded—rather than by opening second fronts in the lower federal courts when disappointed by ongoing state court proceedings.

Id. at 4 (citing Stratton v. Commonwealth of Massachusetts, et al., C.A. 06–10829–DPW (Memorandum and Order, Docket No. 13 at 1–2); Kachikwu v. Kachikwu, C.A. 06–11035–DPW (Memorandum and Order, Docket No. 7 at 1–2); Thomas v. Manzi, et al., C.A. 06–11805–DPW (Memorandum and Order, Docket No. 38 at 1–2), aff'd Thomas v. Manzi, et al., No. 08–2265 (1st Cir.2009) (Mandate entered May 11, 2009, Docket No. 58)).

If Chadbrown has any recourse in terms of further challenging or modifying the final divorce judgment it would have to be either by modification through the Maine courts or appeal to the United States Supreme Court. If Chadbrown wants to use this forum to challenge what she perceives as past misconduct or impropriety on the part of Maine judges, she is indeed barking up the wrong tree. To the extent her complaint turns on the core judgment already final in the state court, the Rooker/Feldman doctrine requires dismissal of the action because this court is powerless to set aside or modify that final judgment.

With respect to Coles's request for costs and fees related to the removal, Coles has only made a bald assertion of this request and has cited no authority for the proposition that he is entitled to attorney fees. The cost of removal was paid by Chadbrown.

## CONCLUSION

Based upon the foregoing, I now recommend that this matter be remanded to the West Bath District Court for any further post-judgment proceedings in connection with this domestic relations matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 2, 2011.