UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERAH SPRAGUE CHADBROWN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:11-cv-00145-GZS |
| ) | |
| JAMES REED COLES, ) | |
| ) | |
| Defendant ) | |

| | |
|---|---|
| JAMES R. COLES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:11-cv-00219-GZS |
| ) | |
| SUDIE REID COLES, a/k/a ) | |
| Terah Sprague Chadbrown, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION**

James R. Coles has filed motions for attorney fees in these companion cases following the First Circuit's denials of Terah Sprague Chadbrown's appeals in both matters. The first matter, Chadbrown v. Coles, 2:11-cv-00145-GZS, was a civil complaint brought pursuant to 42 U.S.C. § 1983, § 1981 and § 1985, alleging that Coles, Chadbrown's ex-husband, violated her civil rights by engaging in a civil conspiracy with numerous state actors. Coles now seeks $17,720.75 in fees pursuant to 42 U.S.C. § 1988(b). The second case, Coles v. Coles, 2:11-cv-00219-GZS, purported to remove a family matter from the West Bath District Court, although the accompanying state court docket entries indicated that the matter had been appealed to, and finally disposed of by, the Maine Supreme Judicial Court sometime prior to removal. According

to the docket entries there were no post-judgment motions pending in the West Bath District Court at the time of removal. Coles separately seeks $28,523.63 in fees in connection with this case pursuant to 28 U.S.C. § 1447(c), although the itemized billing statement he has provided only supports an award of $3,731.25. Chadbrown has not responded to either motion. The Mandates of the Court of Appeals were filed on this court's docket on October 16, 2012, in both cases.[1] Pursuant to District of Maine Local Rule 54.2 the defendants have moved for an award of attorney fees. The District Court Judge referred the matter for a recommended decision pursuant to Rule 54(d)(2)(D), Rule 72(b), and 28 U.S.C. § 636(b)(3).

I now recommend that the Court (1) deny the motion in the civil rights matter, case 2:11-cv-00145, and (2) grant in part the motion in case 2:11-cv-00219 involving the improvident removal, in the reduced amount of $3,731.25.

## DISCUSSION

The motions are discussed separately because different standards apply in each case, but they are grouped together in one recommended decision because it is important to understand the context of both cases when considering either motion. Additionally, in both cases Coles argues that regardless of the governing legal standard, this Court should award him attorney fees even in the absence of statutory authorization to do so because this case presents one of those rare instances where a plaintiff's conduct has been so out of bounds that she has become an abusive litigant and should be sanctioned by the imposition of a substantial fee award.

---

[1] Coles filed his motions for fees after the Judgment of the Court of Appeals entered on the docket, but before its Mandate entered. The Local Rule calls for a fee application to be filed within 30 days of the filing of the appellate mandate. Chadbrown has not filed any response to the motions, let alone offered an objection on the ground that the motions were filed prematurely.

A.      **Attorney Fees in 2:11-cv-00145: Title 42 Civil Rights Litigation**

Coles seeks an award of attorney fees pursuant to 42 U.S.C. § 1988(b), asserting that he was the prevailing party in Chadbrown's civil rights action.  Section 1988 authorizes the court, in its discretion, to award a reasonable attorney's fee to the "prevailing party."  This language invites an award for either a prevailing plaintiff or a prevailing defendant, <u>Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos</u>, 38 F.3d 615, 618 (1st Cir. 1994), although the title of § 1988, "proceedings in vindication of civil rights," makes it somewhat less than intuitive that a defendant might qualify, considering that no civil rights are "vindicated" when a defendant prevails.  Courts have recognized the irony in this by significantly raising the bar for prevailing defendants to recover fees:

> In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, a prevailing defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable.

<u>Id.</u>

Chadbrown alleged the following four civil rights claims against Coles:

(1)     A violation of her right to equal protection under the law when the judge presiding over the "Interim Order" hearing in the divorce proceeding failed to include in the Interim Order—allegedly at Coles's behest—an agreement about Coles's debt to Chadbrown for a car, her right to pursue Coles for financial misfeasance, a list of missing property, and a sum of money due Chadbrown. (Resp. to Mot. to Dismiss at 2-3, 16, ECF No. 33;  Interim Order, ECF No. 33-4 at 3-5.)

(2)     A violation of due process rights by the alleged procedural irregularities and improprieties in the state court protection from abuse and divorce proceedings. (Resp. to Mot. to Dismiss at 4, 10, 16.)

(3)     Infringement of the First Amendment right to free speech without fear of retaliation.  (<u>Id.</u> at 4, 10, 16.)

3

>   (4)  A conspiracy involving Coles and the non-defendant state court judges, attorneys, court staff, and law enforcement officers aimed at interfering with Chadbrown's civil rights as forbidden by 42 U.S.C. § 1981 and § 1985. (Id. at 9, 12, 13-14, 16.)

Throughout the litigation Chadbrown was clear that she understood that Coles was not a state actor, but she maintained that he was liable for these civil rights violations because of his involvement in a wide-ranging conspiracy with state actors.  While Chadbrown's steadfast belief that there was a vast conspiracy of state court judges in league with her ex-husband might appear unreasonable to many people, especially given the absence of factual allegations in support of her claim, this civil rights claim is not the sort of claim that should support an award of attorney fees.  It is apparent from Chadbrown's complaint that there was profound personal conflict with her ex-husband arising during the course of their divorce proceedings.  When she was unable to obtain what she perceived to be justice in the state courts, she turned to the federal court in the hope that her "civil rights" would be vindicated.  Ultimately her lawsuit was deemed to have no merit, but that does not entitle Coles to an award of attorney fees.  Unlike the more common vexatious litigant, Chadbrown did not name multiple defendants and did not file multiple suits against those defendants.  While I do not doubt that Coles was extremely frustrated by this additional litigation, his frustration should not be the basis of an attorney's fee award under § 1988.

**B.      Attorney Fees in 2:11-cv-219:  Objectively Unreasonable Removal**

Title 28 U.S.C. §1447(c) expressly provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, resulting from the removal."  An award of attorney's fees upon remand is discretionary under this statutory provision.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual

circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

Unlike a plaintiff who seeks to vindicate civil rights in an independent action in federal court, a plaintiff who removes a case from state court is held to an "objectively reasonable" standard, without consideration of frivolousness or the unfounded nature of the allegations. There is no room for doubt that I placed Chadbrown on notice that her attempt to remove this completed divorce action was highly problematic.  (See May 31, 2011, Order, ECF No. 4.)  The divorce was granted in the West Bath District Court on June 30, 2010, and was affirmed on March 23, 2011, by the Maine Supreme Judicial Court.  The state court docket entries filed with this court on June 9, 2011, do not indicate that any post-judgment proceedings were currently pending in the state court.  (ECF No. 6.)  Chadbrown also filed a paper copy of what purports to be the entire state record (ECF No. 11), but those papers do not suggest any post-judgment motions were actually pending at the time of removal.

Chadbrown's removal of the divorce matter based on federal question jurisdiction was entirely improper and she lacked an objectively reasonable basis for removal.  The Maine Supreme Judicial Court had already denied Chadbrown's appeal of the divorce judgment. Chadbrown's recourse regarding the Maine Supreme Court's determination would have been a request for certiorari review by the United States Supreme Court.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005).  This court has no appellate jurisdiction over the Maine Supreme Court's judgment.

The sole issue, in my view, is how large an award of attorney's fees is appropriate.  The exhibit produced in support of the affidavit establishes that $3,731.25 was expended in review of Chadbrown's notice of removal.   Given the obvious inability to remove this case, the Court's

5

early intervention suggesting remand was inevitable, and the apparent duplication of work between this case, the civil rights case and the underlying divorce, I do not believe that further fees are warranted. The amount of $3,731.25 represents fair compensation for the work done on this small portion of the entire case, especially given that Chadbrown was already ordered to pay attorney's fees in the state court actions in the amount of $28,906.12. (Case 2:11-cv-00145-GZS, ECF No. 89, at 9.)

C.  **Attorney Fees Awards Involving Abusive Litigants**

Relying upon Jones v. Winnespesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993), Coles argues that regardless of the statutory standards for the imposition of counsel fees, fees should be awarded in this case because Chadbrown surpassed the threshold of egregiousness and her "bad faith" justifies an award of fees. While it is true that Chadbrown's voluminous pleadings contain many scurrilous accusations against me, other judges of this Court, and judges and justices of the Maine state courts, just as Coles notes in his motion, those facts do not in and of themselves deserve an imposition of an award of counsel fees. Actually, Chadbrown did respond to orders issued by this court, attended a telephonic discovery conference when instructed to do so, and refrained from further filings in this Court after judgment entered against her. While her litigation approach, which included filing many exhibits from the state court divorce and related proceedings, created a great deal of clerical work, it does not necessarily demonstrate "bad faith" or intent to delay the proceedings. These matters were filed in April 2011 and the end of May 2011, and both matters were closed in this Court by February 2012. The award of attorney's fees for "bad faith" litigation is a discretionary ruling and in my view this case does not warrant such an award in light of all the facts and circumstances associated with this case.

## CONCLUSION

Based on the foregoing I recommend that the motion in <u>Chadbrown v. Coles</u>, 2:11-cv-00145 (ECF No. 89) be denied and that the motion for fees in <u>Coles v. Coles</u>, 2:11-cv-00219 (ECF No. 81) be granted in the reduced amount of $3,731.25.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 6, 2012                     /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge